IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDYE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 19-1101-MU |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eddye Carter brings this action, pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social

Security ("the Commissioner") denying her claim for a period of disability and Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for

Supplemental Security Income ("SSI"), based on disability, under Title XVI of the Act.

The parties have consented to the exercise of jurisdiction by the Magistrate Judge,

pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 16 ("In

accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in

this case consent to have a United States Magistrate Judge conduct any and all

proceedings in this case, … order the entry of a final judgment, and conduct all post-

judgment proceedings.")). *See also* Doc. 18. Upon consideration of the administrative

record, Carter's brief, and the Commissioner's brief,[1] it is determined that the

---

[1] The parties waived oral argument in this case. Docs. 17, 19.

Commissioner's decision denying benefits should be reversed and remanded under sentence four of § 405(g) as set forth herein.[2]

## I.  PROCEDURAL HISTORY

Carter applied for a period of disability and DIB, under Title II of the Act, 42 U.S.C. §§ 423-425, and for SSI, based on disability, under Title XVI of the Act, 42 U.S.C. §§ 1381-1383d, on May 7, 2012, alleging disability beginning on September 10, 2010. (Tr. 524-32). Her application was denied at the initial level of administrative review on August 31, 2012. (Tr. 33135). On September 25, 2012, Carter requested a hearing by an Administrative Law Judge (ALJ). (Tr. 336-38). After a hearing was held on December 11, 2013, the ALJ issued an unfavorable decision finding that Carter was not under a disability from the alleged onset date, September 10, 2010, through the date of the decision, March 25, 2014. (Tr. 281-94). Carter appealed the ALJ's decision to the Appeals Council, and, on July 22, 2015, the Appeals Council granted her request for review of the ALJ's decision and remanded the case to an ALJ for resolution of several issues. (Tr. 299-01). After a second hearing was held on September 17, 2015, the ALJ issued an unfavorable decision finding that Carter was not under a disability from the alleged onset date, September 10, 2010, through the date of the decision, January 22, 2016. (Tr. 303-21). Carter appealed the ALJ's decision to the Appeals Council, and, on February 28, 2017, the Appeals Council again granted her request for review of the ALJ's decision and again remanded the case to an ALJ for resolution of several issues.

---

[2] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 16 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

(Tr. 327-29). After a third hearing was held on March 29, 2018, the ALJ issued an unfavorable decision finding that Carter was not under a disability from the alleged onset date, September 10, 2010, through the date of the decision, October 31, 2018. (Tr. 13-33). Carter appealed the ALJ's decision to the Appeals Council, and, on November 18, 2019, the Appeals Council denied her request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6).

After exhausting her administrative remedies, Carter sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on April 1, 2020. (Docs. 10, 11). Both parties filed briefs setting forth their respective positions. (Docs. 14, 15). The parties waived oral argument. (Doc. 17).

## II.  CLAIMS ON APPEAL

Carter alleges that the ALJ's decision to deny her benefits is in error for the following reasons: 1) the Residual Functional Capacity (RFC) established by the ALJ is not supported by substantial evidence; 2) the RFC assigned by the ALJ should have resulted in a finding of disability; 3) the ALJ erred by refusing to recuse herself from Carter's third hearing; and 4) the ALJ erred by rejecting the opinion of Carter's long-standing treating physician. (Doc. 14 at p. 2).

## III. ALJ'S DECISION

After conducting the third hearing, the same ALJ made a determination that Carter had not been under a disability during the relevant time period, and thus, was not entitled to benefits. (Tr. 26-27). At step one of the five-step sequential evaluation, the

ALJ found that Carter had not engaged in SGA since September 10, 2010, the alleged onset date. (Tr. 19). Therefore, she proceeded to an evaluation of steps two and three. The ALJ found that Carter had severe impairments of hypertension with palpitations, displaced lumbar intervertebral disc, sciatica, arthritis, gastroesophageal reflux disease, obesity, headaches, left hip trochanteric bursitis, left shoulder arthritis/impingement, cervicalgia, and mild left knee degenerative joint disease, but that considering all of her impairments individually and in combination, Carter did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 19). After considering the entire record, the ALJ concluded that Carter had the RFC to perform light work, with some additional limitations: could frequently push and/or pull foot controls with the left lower extremity; could occasionally reach overhead wither left upper extremity; could occasionally climb ramps and stairs, stoop, kneel, crouch and crawl; could never climb ladders or scaffolds; could tolerate occasional exposure to extreme cold, extreme heat and frequent exposure to hazardous, moving mechanical parts; and could never work in an environment of unprotected heights. (Tr. 20-32). After setting forth her RFC, the ALJ determined that Carter is capable of performing past relevant work as a cap sewer. (Tr. 32). Accordingly, the ALJ concluded that Carter was not disabled within the meaning of the Act. (Tr. 33).

## IV. DISCUSSION

Eligibility for DIB and SSI benefits requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. § 1382c(a)(3)(A). The impairment must be severe, making the claimant unable

to do the claimant's previous work or any other substantial gainful activity that exists in

the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial

gainful activity means work that … [i]nvolves doing significant and productive physical or

mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In evaluating whether a claimant is disabled, the ALJ utilizes a five-step

sequential evaluation:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if
> not, whether the claimant has a severe impairment; (3) if so, whether the
> severe impairment meets or equals an impairment in the Listing of
> Impairment in the regulations; (4) if not, whether the claimant has the RFC
> to perform her past relevant work; and (5) if not, whether, in light of the
> claimant's RFC, age, education and work experience, there are other jobs
> the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam)

(citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357

F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of

proving the first four steps, and if the claimant does so, the burden shifts to the

Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir.

1999). The steps are to be followed in order, and if it is determined that the claimant is

disabled at a step of the evaluation process, the evaluation does not proceed to the next

step.

If the claimant appeals an unfavorable ALJ decision, the reviewing court must

determine whether the Commissioner's decision to deny benefits was "supported by

substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc.*

*Sec.,* 631 F.3d 1176, 1178 (11ᵗʰ Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g).

"Substantial evidence is more than a scintilla and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion." *Winschel*, 631

F.3d at 1178 (citations omitted).  "In determining whether substantial evidence exists,

[the reviewing court] must view the record as a whole, taking into account evidence

favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*,

792 F.2d 129, 131 (11ᵗʰ Cir. 1986). The reviewing court "may not decide the facts anew,

reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*.

When a decision is supported by substantial evidence, the reviewing court must affirm

"[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's

decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11ᵗʰ Cir. 1986).

Carter alleges that the ALJ's decision to deny her benefits is in error for the

following reasons: 1) the Residual Functional Capacity (RFC) established by the ALJ is

not supported by substantial evidence; 2) the RFC assigned by the ALJ should have

resulted in a finding of disability; 3) the ALJ erred by refusing to recuse herself from

Carter's third hearing; and 4) the ALJ erred by rejecting the opinion of Carter's long-

standing treating physician. (Doc. 14 at p. 2). Based on the finding, as set forth below,

that Carter's RFC is not supported by substantial evidence, the Court pretermits its

discussion of the remaining issues. *See Jenkins v. Colvin*, CA 2:12-00465-N, 2013 WL

3465190, at *2 (S.D. Ala. July 10, 2013).

A claimant's RFC is "an assessment of an individual's ability to do sustained

work-related physical and mental activities in a work setting on a regular and continuing

basis." SSR 96-8p, 1996 WL 374184, at *1. It is an "administrative assessment of the

6

extent to which an individual's medically determinable impairment(s), including any

related symptoms, such as pain, may cause physical or mental limitations or restrictions

that may affect his or her capacity to do work-related physical and mental activities."

SSR 96-8p, 1996 WL 374184, at *2. The RFC assessment is based on "all of the

relevant medical **and other evidence**." 20 C.F.R. § 404.1545(a)(3). In addition to the

medical evidence, the ALJ is to consider the claimant's daily activities when evaluating

the symptoms and severity of an impairment. *Id*. at 871 (citing 20 C.F.R. §

404.1529(c)(3)(i)).

Carter argues that the ALJ's RFC determination was not supported by substantial

evidence because the ALJ erred by failing to address how her condition had improved

so as to explain why the current RFC had eliminated the limitation to work with only

three to four step instructions. The same ALJ conducted all three hearings and issued

all three decisions. In the third decision, she did not include this limitation and did not

mention it in her decision. The ALJ had included this limitation in both of her earlier

decisions in which she stated that she had included the limitation due to Carter having

"some drowsiness with medication." (Tr. 293, *see also* Tr. 319). Carter testified that the

pain medication she takes makes her drowsy during the daytime. (Tr. 241-42). She

testified at the most recent hearing on March 29, 2018 that her condition has gotten

worse, not better, since the first hearing on December 11, 2013 and that she continues

to take pain medication. (Tr. 197, 201). In a clinical assessment of pain form that Dr.

Travis, her treating physician for more than ten years completed on March 13, 2018,

she opined that, due to her prescribed medications, Carter would have "[s]ignificant side

effects …which may limit effectiveness of work duties or performance of everyday tasks….” (Tr. 1242.)

A review of the evidence in the record does not reveal any evidence that would readily explain this change in the ALJ's assessment of Carter's RFC. Nothing is evident about a review of the record that would explain why the ALJ now finds that Carter is able to perform more than three to four step instructions when she assessed her as not being able to do so in the two previous decisions. As pointed out by the Commissioner, there is no case law directly on point with this situation. It is well-established, however, that although this Court cannot reweigh the evidence or substitute its judgment for that of the ALJ, this Court's "limited review does not …mean automatic affirmance … [because this Court] must still make certain that [the ALJ] has exercised reasoned decision making." *Owens v. Heckler*, 748 F.2d 1511, 1514 (11th Cir. 1984). "A clear articulation of both fact and law [by the ALJ] is essential to [this Court's] ability to conduct a review that is both limited and meaningful." Here, the ALJ has not made such an articulation. The ALJ did not mention in the current decision the effects of the medication Carter takes, nor did she mention the elimination of the previously determined limitation to jobs with no more than three to four step instructions. Therefore, this Court cannot determine whether the ALJ has exercised reasoned decision making in making this material change to Carter's FRC.

Accordingly, the Court finds that this case should be remanded so that the Commissioner can specifically consider the propriety of the removal of this limitation from Carter's RFC and provide a reasoned explanation therefor.

## CONCLUSION

Based on the foregoing, the decision of the Commissioner of Social Security

denying Plaintiff Eddye Carter's claim for benefits is hereby **REVERSED** and

**REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v.*

*Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision.

DONE and ORDERED this **30th** day of **March, 2021**.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**